UNITED  STATES  DISTRICT  COURT
SOUTHERN  DISTRICT  OF  OHIO
WESTERN  DIVISION

ROBERT E. SELVEY,             :    Case No. 1:07-cv-519
                                 :
      Plaintiff,             :    Judge Michael R. Barrett
                                 :    Magistrate Judge Timothy S. Black
vs.                            :
                                 :
COMMISSIONER OF          :
SOCIAL SECURITY,          :
                               :
      Defendant.          :

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND NOT SUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) JUDGMENT BE ENTERED IN FAVOR OF PLAINTIFF AWARDING BENEFITS; AND (3) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal.  At issue is whether the administrative law judge ("ALJ") erred in finding Plaintiff "not disabled" and therefore unentitled to a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI").  (*See* Administrative Transcript ("Tr.") (Tr. 20-29) (ALJ's decision)).

**I.**

On June 25, 2003, Plaintiff filed concurrent applications for DIB and SSI, alleging

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

a disability onset date of March 2, 2003, due to degenerative joint disease in the bilateral knees, obesity, a history of ulnar nerve entrapment at the left elbow, osteoarthritis in the lumbar spine, three knee surgeries, ulnar release surgery, and depression.  (Tr. 154-155, 160-170, 246-249, 292-293, 318-320, 373, and 394).

Upon denial of his claims on the state agency level, Plaintiff requested a hearing *de novo* before an ALJ.  A hearing was held on November 30, 2005, at which Plaintiff appeared with counsel and testified.  (Tr. 417-455).  A vocational expert,  Ms. Janet C. Rogers, was also present and testified.  (*Id.*)

On August 23, 2006, the ALJ entered his decision finding Plaintiff not disabled. (Tr. 29).  That decision became Defendant's final determination upon denial of review by the Appeals Council on May 8, 2007.  (Tr. 6-10, 16-29).

At the time of the hearing, Plaintiff was 35-years old with a tenth grade education. His past relevant work experience included a factory worker, construction worker, and nightclub bouncer.  (Tr. 72).

The ALJ's "Findings," which represent the rationale of his decision, were as follows:

1.    The claimant alleges disability since Mary 2, 2003.

2.    The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits and is insured for benefits at least through the date of this decision.

3.    The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

4.    The claimant has one or more medically determinable impairments

considered to be "severe," as defined in the Social Security regulations, either individually or in combination.

5.   The claimant's severe impairments are degenerative joint disease in the bilateral knees, obesity, a history of ulnar nerve entrapment at the left elbow, osteoarthritis in the lumbar spine, and depression.

6.   The claimant's impairments do not meet or medically equal the requirements of any listed impairment in Appendix 1, Subpart P, Regulations No. 4 (20 CFR Part 404).

7.   The claimant's allegations regarding his symptoms and functional limitations are only partially credible, as discussed in the decision, and do not support a finding of disability.

8.   The claimant has the following residual functional capacity: He should exert no more than 20 lbs. of force occasionally and 10 lbs. frequently to push, pull, lift or carry items, no more than one-third of the weight should be borne by the upper left extremity and he should not perform any overhead work; he can stand and walk no more than two hours total in an eight-hour day, at intervals of no greater than ten minutes; he can sit a total of six hours in an eight-hour day; however, he must have the opportunity to stand and stretch at lease every 30 minutes (for one to two minutes) to relieve pain in his knees and back; he can occasionally stoop, balance, and climb stairs or ramps; he can never crouch, crawl, kneel, and never climb ladders, scaffolds or ropes; he should never work around hazards such as unprotected heights or unguarded moving machinery.  The claimant can only perform simple repetitive tasks and understand and carry out only simple instructions.  He should have no contact with the general public and should work in a stable work environment with few changes.

9.   The claimant is unable to perform his past relevant work as he performed it and as it is customarily performed.

10.  The claimant is a "younger individual."

11.  The claimant has a "limited" education.

12.  There are no acquired work skills transferable to jobs within the claimant's residual functional capacity.

13.     The claimant does not precisely satisfy all the criteria of any rule in the Medical-Vocational Guidelines at Appendix 2, Subpart P, Regulations No. 4; however, based on testimony of the vocational expert, there are a significant number of jobs in the national economy he could perform, including the assembly and machine tender positions cited in the body of this decision.

14.     The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision. 20 CFR 404.1520(g) and 416.920(g).

(Tr. 27-28).

In sum, the ALJ concluded that Plaintiff was not under a disability as defined by the Social Security Regulations and was therefore not entitled to DIB or SSI. (Tr. 29).

On appeal, Plaintiff maintains that: (1) the ALJ erred in determining Plaintiff's residual functioning capacity ("RFC"); (2) the ALJ's RFC finding is not supported by substantial evidence and must be reversed; (3) the ALJ failed to adequately explain his RFC finding; (4) the ALJ failed to consider Plaintiff's pain; and (5) the ALJ erred by not holding further proceedings to address post hearing evidence. Upon careful review, the undersigned finds Plaintiff's first and third assignments of error to be well-taken and dispositive, and, accordingly, hereby recommends that judgment be entered in favor of Plaintiff awarding benefits.

## II.

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971).  In performing this

review, the Court considers the record as a whole.  *Hephner v. Mathews,* 574 F.2d 359,

362 (6th Cir. 1978).  If substantial evidence supports the ALJ's denial of benefits, that

finding must be affirmed, even if substantial evidence also exists in the record upon

which the ALJ could have found plaintiff disabled.  As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because
> substantial evidence exists in the record to support a different conclusion.
> The substantial evidence standard presupposes that there is a "zone of
> choice" within which the Commissioner may proceed without interference
> from the courts.  If the Commissioner's decision is supported by substantial
> evidence, a reviewing court must affirm.

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

The claimant bears the ultimate burden to prove by sufficient evidence that he is

entitled to disability benefits.  20 C.F.R. § 404.1512(a).  That is, he must present

sufficient evidence to show that, during the relevant time period, he suffered an

impairment, or combination of impairments, expected to last at least twelve months, that

left him unable to perform any job in the national economy.  42 U.S.C. § 423(d)(1)(A).  `

## A.

For his first assignment of error, Plaintiff asserts that the ALJ erred in determining

Plaintiff's RFC because the ALJ failed to give controlling weight to the treating

physician's findings and, instead, placed great weight on the consultive examiners'

findings.  (Tr. 172, 373-74).  The undersigned agrees.

It is well established that the findings and opinions of treating physicians are entitled to substantial weight.  "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530-31 (6th Cir. 1997); s*ee also Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985) ("The medical opinions and diagnoses of treating physicians are generally accorded substantial deference, and if the opinions are uncontradicted, complete deference.").  If a treating physician's "opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case," the opinion is entitled to controlling weight.  20 C.F.R. § 1527(d)(2).

The Social Security regulations recognize the importance of the longevity of treatment, providing that treating physicians are:

> "likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations."

20 C.F.R. § 404.1527(d)(2).

Here, as outlined by Plaintiff, the record reflects:

At the time of the ALJ's decision, Dr. Jose Martinez had been Plaintiff's treating physician for three years.  (Tr. 107-147).  On November 14, 2003, Dr. Martinez

-6-

completed Plaintiff's RFC, diagnosing Plaintiff with patello femoral arthopathy of bilateral knees, chrondomalacia of patella grade III, and synovitis of the knee joint. (Tr. 171). Dr. Martinez indicated that Plaintiff had pain, swelling, stiffness, decreased range of motion, and increased pain with prolonged standing and walking. (*Id*.) He determined that Plaintiff could only stand and/or walk up to 1/2 hour at a time and a total of only 1-2 hours per day. (Tr. 172). Dr. Martinez also indicated that prolonged sitting and flexed knee could cause Plaintiff pain and prohibited Plaintiff from climbing, crouching, kneeling or crawling. (*Id*.)

On November 9, 2005, Dr. Martinez completed a second RFC assessment of Plaintiff. (Tr. 339-344). In this updated RFC, Dr. Martinez noted similar restrictions with several additional restrictions based on the emotional factors of depression and anxiety which were contributing to Plaintiff's symptoms. (Tr. 341). Dr. Martinez indicated that Plaintiff was incapable of even "low stress" jobs. (*Id*.) Furthermore, Dr. Martinez stated that if Plaintiff had a sedentary job, he would need to have his leg(s) elevated to heart level 80% of the day, would require a cane or other assistive device for occasional standing/walking, and would never be able to lift more than 10 pounds occasionally. (Tr. 343). Finally, according to Dr. Martinez, Plaintiff would have "good days" and "bad days," but, on average, would be absent from work more than four days per month. (Tr. 344).

Plaintiff testified that he takes Percocet and Methadone for pain, Klonopin for nerves, Lexapro for depression, Naprosyn for arthritis, and Diazepam for stress. (Tr. 427). Additionally, he testified that the medications make him tired, dizzy, and nauseous. (*Id.*) Plaintiff stated that he took a two or three hour nap several days a week and had on average three doctor appointments each month. (Tr. 427-428). Furthermore, Plaintiff testified that he needed to keep his legs propped up to keep the swelling down in his knees. (Tr. 428-429). Plaintiff also stated that he had difficulty walking down a short hall, needed a cane to keep his balance, and could not even stand up to use the bathroom. (Tr. 429-31). Finally, Plaintiff testified that he was often depressed and stayed in his bedroom because he could not play with his children, nor could he walk upstairs to the children's bedroom if they called to him. (Tr. 431). Plaintiff admitted that he had gotten so depressed one day, that he tried to commit suicide and was admitted to the hospital. (Tr. 431-432).

Based on Plaintiff's testimony, the vocational expert ("VE"), Janet Rogers, testified that Plaintiff could not perform *any* jobs on a sustained basis. (Tr. 450-51). Additionally, upon cross-examination, Ms. Rogers testified that based on Dr. Martinez's RFC's, there would be no full-time work available for Plaintiff. (Tr. 451).

However, in his decision, the ALJ placed great weight on the opinions of Dr. Choudhury and Dr. Stern, Plaintiff's orthopedic surgeons, rather than the RFC's of Dr. Martinez, Plaintiff's treating physician. (Tr. 24). Dr. Choudhury noted that Plaintiff's knee disorder limited the total degree of lifting to a maximum of thirty to forty

pounds at any one time and repetitive activities to five to ten pounds. (Tr. 373). Dr. Stern concluded that sedentary to light work activities with intermittent standing or walking were possible and Plaintiff could perform these types of activities. (Tr. 316). Notably, Dr. Choudhury and Dr. Stern's assessments pertain solely to Plaintiff's knee injuries, and do not include mention of his back impairment or his mental health issues. (Tr. 316-373). In fact, in his findings, Dr. Choudhury states that in addition to his assessment, additional consultation might be necessary with Dr. Minhas, who was Plaintiff's treating doctor for neuropathic pain. (Tr. 373-374). Moreover, in his letter to the ALJ, Dr. Choudhury suggested two times that the ALJ direct questions to Dr. Martinez, as Dr. Choudhury recognized Dr. Martinez was providing ongoing treatment. (Tr. 373-374).

The ALJ's reliance on the reports of Dr. Choudhury and Dr. Stern, Plaintiff's orthopedic surgeons, to the exclusion of the reports of Dr. Martinez, Plaintiff's treating physician, was clear error. Dr. Choudhury and Dr. Stern did not assess all of Plaintiff's medical problems and therefore their opinions do not constitute substantial evidence so as to overcome the properly supported opinion of Dr. Martinez. Even if the ALJ believed there was contradictory evidence between the assessments of Dr. Martinez and that of Dr. Choudhury and Dr. Stern, the RFC of the treating doctor must be given substantial weight. 20 C.F.R. § 404.1527(d)(2). As Plaintiff's treating doctor, Dr. Martinez had a greater opportunity to examine and observe Plaintiff and was more familiar with his overall condition than other physicians.

Accordingly, upon careful review, the undersigned finds that the ALJ's nondisability finding is not supported by substantial evidence.

-9-

**B.**

For his third assignment of error, Plaintiff asserts that the ALJ erred by failing to adequately explain his RFC finding.  The undersigned agrees.

Social Security Ruling 96-8p (1996) requires an ALJ to have a narrative discussion as to how he arrived at the RFC.

> "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."

SSR No. 98-8p, 1996 SSR LEXIS 5, at *19, July 2, 1996.  The ALJ failed to provide the requisite narrative discussion with regard to Plaintiff's RFC.  (Tr. 16-17).

According to SSR 96-8p, a RFC is an individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a "regular and continuing" basis.  *See* SSR 96-8p at 28.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."  *Id.*; s*ee also Sims v. Apfel*, 172 F.3d 879, 880 (10th Cir. 1999) (defining a "regular and continuing basis" as "8 hours a day, for 5 days a week, or an equivalent work schedule").

-10-

The ALJ did not provide the requisite narrative discussion of his RFC findings, but erred when he only considered the assessments of Plaintiff's orthopedic surgeons and did not adequately explain his rejection of Dr. Martinez's assessments. (Tr. 24). Dr. Martinez was Plaintiff's treating physician and the physician who did the follow-up with Plaintiff post surgery, which gave him the opportunity to determine Plaintiff's ongoing issues with pain and functional limitations. Dr. Martinez was also familiar with Plaintiff's other medical issues, including depression. Accordingly, the Court is unable to find that the ALJ's RFC finding was supported by substantial evidence when the only evidence cited to support the decision was the limited statements by surgeons who did not regularly follow-up with Plaintiff.

Additionally, the ALJ failed to explain why he rejected the opinion of the treating physician, other than to simply assert that his RFC was not supported by objective medical evidence. (Tr. 25). As outlined in Section II-A, Dr. Martinez did, in fact, support his RFC's with objective medical evidence and as the treating doctor, his opinion is entitled to controlling weight.

Accordingly, the ALJ's failure to give a complete narrative discussion as to how he arrived at the RFC, failure to consider all of the medical evidence, and failure to adequately explain why he rejected the opinion of the treating physician, constitute reversible error. Therefore, the ALJ's nondisability finding is not supported by substantial evidence and is not adequately explained.

-11-

**III.**

When, as here, the nondisability determination is not supported by substantial evidence, the Court must decide whether to reverse and remand the matter for rehearing or to reverse and order benefits granted.

The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991).

Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Heath & Human Servs.*, 17 F.3d 171, 176 (6th Cir 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

The Court may award benefits where the proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where the proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky*, 35 F.3d at 1041; *Mowery v. Heckle*r, 772 F.2d 966, 973 (6th Cir. 1985). Such is the case here.

Here, proof of disability is overwhelming and remand will serve no purpose other than delay. As fully recited herein, in view of Plaintiff's medical history and his credible assertions of disabling conditions, as well as the extensive medical record of evidence of

disability, and especially the credible opinion of Dr. Martinez, Plaintiff's treating physician, proof of Plaintiff's disability is overwhelming and opposing evidence is lacking in substance.

## IT IS THEREFORE RECOMMENDED THAT:

The decision of the Commissioner, that Plaintiff was not entitled to a period of disability, disability insurance benefits, and supplemental security income beginning on March 2, 2003, should be found **NOT SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **REVERSED**; that this matter should be **REMANDED** to the ALJ for an immediate award of benefits; and, as no further matters remain pending for the Court's review, this case should be **CLOSED.**


Date:  August 8, 2008                         s/ Timothy S. Black
                                              Timothy S. Black
                                              United States Magistrate Judge

-13-

UNITED  STATES  DISTRICT  COURT
SOUTHERN  DISTRICT  OF  OHIO
WESTERN  DIVISION

ROBERT E. SELVEY,                          :      Case No. 1:07-cv-519
                                           :
        Plaintiff,                         :      Judge Michael R. Barrett
                                           :      Magistrate Judge Timothy S. Black
vs.                                        :
                                           :
COMMISSIONER OF                            :
SOCIAL SECURITY,                           :
                                           :
        Defendant.                         :

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written

objections to the proposed findings and recommendations within **TEN (10) DAYS** after

being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e),

this period is automatically extended to **THIRTEEN (13) DAYS** (excluding intervening

Saturdays, Sundays, and legal holidays) when this Report is being served by mail and

may be extended further by the Court on timely motion for an extension.  Such objections

shall specify the portions of the Report objected to and shall be accompanied by a

memorandum of law in support of the objections.  A party may respond to another party's

objections within **TEN (10) DAYS** after being served with a copy thereof.  Failure to

make objections in accordance with this procedure may forfeit rights on appeal.  *See*

*United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140

(1985).