**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Robert Selvey,

    Plaintiff,

    v.                                   Case No. 1:07cv519

Commissioner of                    Judge Michael R. Barrett
Social Security Administration,

    Defendant.

## ORDER

This matter is before the court upon Magistrate Judge's Report and Recommendations ("R&R") recommending that (1) the Administrative Law Judge's ("ALJ") non-disability finding be found not supported by substantial evidence, and reversed; (2) Judgment be entered in favor of Plaintiff awarding benefits; and (3) this case be closed. (Doc. 13)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).[1] Defendant filed timely Objections to the R&R. (Doc. 14)

**I.    BACKGROUND**

On June 25, 2003, Plaintiff filed concurrent applications for DIB and SSI, alleging a disability onset date of March 2, 2003, due to degenerative joint disease in the bilateral knees, obesity, a history of ulnar nerve entrapment at the left elbow, osteoarthritis in the

---

[1] A notice was attached to the Magistrate's Report and Recommendation regarding objections.

lumbar spine, three knee surgeries, ulnar release surgery, and depression. (Tr. 154-155, 160-170, 246-249, 292-293, 318-320, 373, and 394) Upon denial of his claims, Plaintiff requested a hearing before an ALJ. A hearing was held, and on August 23, 2006, the ALJ entered his decision finding Plaintiff not disabled. (Tr. 29) That decision became Defendant's final determination upon denial of review by the Appeals Council on May 8, 2007. (Tr. 6-10, 16-29)

## II. MAGISTRATE JUDGE'S R&R

In his statement of errors, Plaintiff argued that: (1) the ALJ erred in determining Plaintiff's residual functioning capacity ("RFC"); (2) the ALJ's RFC finding is not supported by substantial evidence and must be reversed; (3) the ALJ failed to adequately explain his RFC finding; (4) the ALJ failed to consider Plaintiff's pain; and (5) the ALJ erred by not holding further proceedings to address post hearing evidence.

The Magistrate Judge found Plaintiff's first and third assignments of error to be well-taken and dispositive, and recommends that judgment be entered in favor of Plaintiff awarding benefits.

The Magistrate Judge found that the ALJ failed to give controlling weight to Plaintiff's treating physician Dr. Martinez, who completed two RFC assessments of Plaintiff. The Magistrate Judge explained that the vocational expert testified at the hearing that based on Dr. Martinez's RFCs, there would be no full-time work available for Plaintiff. The Magistrate Judge noted that the ALJ place great weight on the opinions of Dr. Choudhury and Dr. Stern, the orthopedic surgeons who performed Plaintiff's knee surgeries. The Magistrate Judge pointed out that Dr. Choudhury and Dr. Stern's assessments only pertain to Plaintiff's knee injuries, and do not include mention of his back impairment or his mental health

issues. The Magistrate Judge also noted that in his letter to the ALJ, Dr. Choudhury suggested two times that the ALJ direct questions to Dr. Martinez.[2] The Magistrate Judge concluded that the ALJ's reliance on the reports of Dr. Choudhury and Dr. Stern, to the exclusion of the reports of Dr. Martinez, was clear error.

The Magistrate Judge also found that the ALJ erred by failing to adequately explain his RFC finding. Specifically, the Magistrate Judge found that the ALJ did not adequately explain his rejection of Dr. Martinez's assessments, other than to simply assert that Dr. Martinez's opinions were not supported by objective medical evidence.

Finally, the Magistrate Judge found that the record contained proof of disability which is overwhelming and opposing evidence was lacking in substance. Therefore, the Magistrate Judge recommends remanding this matter to the ALJ for an immediate award of benefits.

Defendant objects to the Magistrate Judge's R&R on the following bases: (1) the Magistrate Judge impermissibly re-weighed the evidence; and (2) if the Court concludes that the ALJ's decision was not supported by substantial evidence, remand for further proceedings, rather than an award of benefits, is the appropriate remedy.

### III. ANALYSIS

#### A. Standard of Review

The Court's review of the Social Security Commissioner's decision is limited to determining whether the findings are supported by substantial evidence. 42 U.S.C. §405(g).

---

[2] The Court notes that the March 9 2006 letter from Dr. Choudhury to the ALJ actually refers the ALJ to Dr. Minhas, who is treating Plaintiff for neuropathic pain. There is no reference in the letter to Dr. Martinez.

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The substantial evidence standard presupposes that "there is a zone of choice within which the [Commissioner] may proceed without interference from the court." *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). This "zone of choice" includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen,* 825 F.2d 98, 100 (6th Cir. 1987). Consequently, this Court should defer heavily to such findings by the Commissioner. *See Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994). If substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky,* 35 F.3d at 1035, *citing Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986).

### B. Weighing Medical Opinions

Determining the proper weight to accord opinions of medical sources requires application of the following factors: examining relationship, treatment relationship, length of treatment, frequency of examination, nature and extent of the treatment relationship, supportability, consistency, specialization, and any other factors which support or contradict the opinion. 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). In making disability determinations, an ALJ must give more weight to treating sources because of their ability to give a detailed, longitudinal picture of the impairment. 20 C.F.R. § 404.1527(d)(2). However, to receive controlling weight, the treating source's opinion must be supported by medically acceptable clinical and laboratory diagnostic techniques, and must not be inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2).

The ALJ stated that he did not give Dr. Martinez's RFC assessments controlling

weight because they were unsupported by the record as a whole and are contradicted by the opinions of Plaintiff's treating orthopedic surgeons. As such, the Court is presented with a situation where there are competing treating source opinions.

The Magistrate Judge found that the opinion of Dr. Martinez was more comprehensive because the opinions of the treating orthopedic surgeons did not take into consideration Plaintiff's back impairment or his mental health issues. The ALJ acknowledges as much in his decision. In discussing Dr. Choudhury's December 30, 2005 RFC assessment, the ALJ noted that Dr. Choudhury opined that sitting should not be an issue because Plaintiff had no problems with his back. (Tr. 24) However, as the ALJ notes, it is not clear whether Dr. Choudhury was aware of the lumbar MRI performed in February of 2005. (Id.) Nevertheless, the ALJ determined that this was of no moment because the MRI showed no evidence of nerve root compression, and Dr. Minhas, who ordered the MRI, found that Plaintiff's range of motion was within normal limits and straight leg raising is negative for root tension sign. (Id.)

The Social Security regulations recognize the importance of longevity of treatment, providing that treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. . . ." 20 C.F.R. § 404.1527(d)(2). The Court notes that the records show Dr. Martinez began treating Plaintiff as early as January 21, 2003. (Tr. 108) In comparison, it appears that Dr. Choudhury began treating Plaintiff in conjunction with Plaintiff's September 28, 2005 knee surgery. (Tr. 318) The ALJ did not

acknowledge the difference in the length of treatment between Dr. Martinez and Dr. Choudhury, or the difference in the frequency in examination.

The Court notes that Dr. Choudhury is a specialist in orthopedics, while Dr. Martinez is not. Under the regulations, the ALJ must generally give "more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(d)(5). However, the ALJ did not state this as a reason for rejecting the opinions of Dr. Martinez.

Defendant cites to the opinions of Dr. Wright, a non-treating examining source, and Drs. McCloud, and Cho, who reviewed the record evidence, as further support that Dr. Martinez's opinion was not entitled to controlling weight. However, as the ALJ acknowledged, these various medical opinions regarding Plaintiff's functional capacity were rendered at various stages in Plaintiff's operative history. It does not appear that the ALJ relied upon these opinions, or the opinion of Dr. Latchamsetty, who reviewed the record evidence in March of 2004 and agreed with Dr. Cho's assessment.

Defendant also argues that Dr. Martinez failed to provide objective medical evidence to support his findings, and instead relied upon Plaintiff's subjective reports of pain. The Sixth Circuit has held that it is proper to reject a medical opinion which is based in part upon the subjective complaints of the claimant. *Young v. Secretary of Health & Human Services*, 925 F.2d 146, 151 (6th Cir. 1990) (report from Pain Center properly rejected where findings based on claimant's subjective complaints); *Thomas v. Commissioner of Social Security*, 2004 WL 1559535 (6th Cir. July 9, 2004) (unpublished) (examining physician's opinion properly rejected where opinion was based in part on claimant' subjective complaints, many of which were not supported by objective medical findings); *Musaad v. Commissioner of*

*Social Security*, 1995 WL 514668 (6th Cir. Aug. 29, 1995) (unpublished) (ALJ properly rejected treating physicians' opinions which were based on claimant's subjective complaints and not supported by objective clinical findings). However, even though the ALJ concluded that Plaintiff was only partially credible, he did not fault Dr. Martinez's opinion for being based upon Plaintiff's subjective complaints.

The Court finds that there is substantial evidence which supports the ALJ's decision to not give controlling weight to the opinion of Dr. Martinez. However, even where a reviewing court finds that substantial evidence supports the ALJ's decision, the agency's regulations require the ALJ to give "good reasons" for a decision not to give controlling weight to a treating physician's opinion. 20 C.F.R. § 404.1527(d)(2); *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004). The Court finds that the ALJ satisfied that burden here. *See Kornecky v. Commissioner of Social Security*, 2006 WL 305648, *10 (6th Cir. Feb. 9, 2006) (explaining that while it might be ideal for an ALJ to articulate his reasons for crediting or discrediting each medical opinion, it is well settled that "[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party."), *quoting Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999); *see also Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) (citation omitted) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result.").

However, the Court finds that the ALJ did not properly weigh Dr. Martinez's opinions after deciding to not give it controlling weight. According to the Commissioner's Rulings:

Adjudicators must remember that a finding that a treating source is not well

> supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that it is not entitled to 'controlling weight,' not that the opinion must be rejected. Treating source medical opinions must still be weighed using all of the factors provided in 20 CFR 404.152 . In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

Social Security Ruling 96-2p, 1996 WL 374188 at *4 (1996).

Moreover, as the Magistrate Judge explained, according to Social Security Ruling 96-8p (1996):

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e.g.*, laboratory findings) and nonmedical evidence (*e.g.*, daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (*i.e.*, 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

1996 WL 374184, at *7 (1996). The Court finds that the Magistrate Judge did not err in concluding that the ALJ failed to provide the requisite narrative discussion with regard to the Plaintiff's RFC.

### C. Appropriate remedy

Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Remand is appropriate if the Commissioner applied an erroneous principle of law, failed to consider certain evidence, failed to consider the combined effect of impairments, or failed to make a credibility finding. *Faucher v. Secretary of H.H.S.*, 17 F.3d 171, 176 (6th Cir. 1994). The Court finds that remand is

appropriate in this matter. Accordingly, the Court adopts the portion of the Magistrate Judge's recommendation to reverse the Commissioner's decision, but rejects the recommendation regarding the appropriate remedy. *Accord Faucher*, 17 F.3d at 176 (explaining that "[i]f a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits.").

## IV. CONCLUSION

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court **ADOPTS in PART and REJECTS in PART** the Magistrate Judge's R&R (Doc. 22). The Court vacates and reverses the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remands this matter for further administrative proceedings consistent with this Order. This matter shall be administratively closed and terminated from the Court's docket.

**IT IS SO ORDERED.**

          */s/ Michael R. Barrett*
          Michael R. Barrett, Judge
          United States District Court